OTTO H. WENDE, Appellant, _v._ THE BOARD OF SUPERVISORS OF THE COUNTY OF ERIE and Others, Respondents.

Fourth Department, November 29, 1922.

Counties — board of supervisors cannot change salary of county officer whose office was created and salary fixed by statute subsequent to enactment of County Law, § 12, subd. 5.

A board of supervisors has no power to increase the salary of a county officer whose office was created and salary fixed by statute enacted subsequent to subdivision 5 of section 12 of the County Law, which gave to boards of supervisors the power to fix the amount of the salary or compensation of any county officer, notwithstanding the provision of any general or special law fixing such salary or compensation. The provision of the County Law referred to has reference to such general or special laws as were in force at the time of its enactment.

The subsequent re-enactment of said provision of the County Law did not vest in the board of supervisors the power to change the salary of an officer whose office was created and salary fixed after the original enactment of said provision in the County Law.

CLARK, J., dissents.

APPEAL by the plaintiff, Otto H. Wende, from a judgment of the Supreme Court in favor of the defendants, entered in the office of

the clerk of the county of Erie on the 24th day of May, 1921, upon the decision of the court, rendered after a trial before the court without a jury, dismissing the complaint.

The action was brought by the plaintiff as a taxpayer under section 51 of the General Municipal Law.

*Feldman & Feldman* [*George J. Feldman* of counsel], for the appellant.

*Asher B. Emery* and *Robert C. Palmer* [*M. Edwin Merwin* of counsel], for the respondents The Board of Supervisors of the County of Erie and others.

*Lewis & Carroll* [*W. C. Carroll* of counsel], for the respondent Horace F. Hunt.

PER CURIAM:

When the Legislature, by chapter 359 of the Laws of 1911, amended section 12, subdivision 5, of the County Law, and gave to boards of supervisors the power to fix the amount of the salary or compensation of any county officer or employee, except a judicial officer, notwithstanding the provisions of any general or special law fixing such salary or compensation, it had reference to such general or special laws as were then in force.

Subsequently, by chapter 293 of the Laws of 1913, the Legislature created a new office in Erie county by a special act, to wit, the office of commissioner of charities and correction. This act gave the board of supervisors authority to determine the number and fix the salaries or compensation of deputies, clerks, subordinates and other employees the commissioner might appoint; but the salary of the commissioner was fixed by the Legislature in the act itself at $5,000.

We are of the opinion that the subsequent re-enactment and amendment of the provisions of the County Law heretofore adverted to (Laws of 1913, chap. 742; Laws of 1914, chap. 358) did not vest in the board of supervisors the power to change the salary of the commissioner from the amount fixed by the Legislature. We think the County Law in force when chapter 293 of the Laws of 1913 was enacted was not modified or amended by its substantial re-enactment in amendatory acts. (Gen. Const. Law, § 95.) The Legislature evinced a clear intent to exercise its discretion in fixing the salary of this new office, and has not since by any express grant relinquished that power to the board of supervisors. (*Spring v. Wait*, 22 Hun, 441.)

The judgment should be reversed, and a judgment entered declaring the action of the board of supervisors in fixing the salary

of the commissioner of charities and correction at $7,500 invalid, and restraining the audit and payment thereof.

All concur, except CLARK, J., who dissents and votes for affirmance.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, with costs, declaring the action of the board invalid and restraining the payment of the increased salary.