Trice Motor Company, Inc., Appellant.— Motion denied, with ten dollars costs.

Oliver A. Quayle, Appellant, v. James Butterworth, Respondent.— Judgment and orders reversed on the law, without costs in this court, and judgment directed for the defendant upon the verdict, dismissing the complaint, with costs in the trial court. All concur. Hinman, J., not sitting.

---

## Fourth Department, January, 1923.

Otto H. Wende, Appellant, *v.* The Board of Supervisors of the County of Erie and Others, Respondents.

*Amendments — taxpayer's action to determine validity of increase of salary of county officer — increase found invalid and judgment so declaring and restraining payment of increase entered — no finding as to how much of the increased salary had been paid — motion to amend order directing judgment so as to include direction to said officer to account or to otherwise interpret order denied — county may recover any of increase paid by ordinary legal procedure.*

Motion by respondents to amend the order of this court entered November 29, 1922, reversing the judgment at Special Term and directing judgment for plaintiff for certain relief prayed for in the complaint.

Per Curiam: The plaintiff as a taxpayer brought an action to determine the validity of the action of the board of supervisors of Erie county increasing the salary of the defendant Hunt, the commissioner of charities and corrections of that county. We held at the November term (203 App. Div. 510) that the action was invalid and directed judgment so declaring, and restraining the payment of such increased salary. Such a judgment was subsequently entered. It seems that the complaint demanded judgment, among other things, that Hunt " render an account and return to the county of Erie or the treasurer thereof all sums received by him in excess " of the legal salary. The attorney for the defendants other than Hunt now move to amend the order to include a direction to account or to otherwise interpret our order. The plaintiff has not joined in the motion and is apparently content with the decision. The answers of the defendants asked no affirmative relief as against each other. They contended that the grant of increased salary was legal. We are not informed how much of the increased salary has been paid to the defendant Hunt. There was no finding made on that subject at the Equity Term where the cause was tried, and no such question was presented on argument before this court. The only question we were asked by counsel to pass upon was the legal question as to the power of the board of supervisors to make such increase, and whether the salary had in fact been increased by the exercise of power in the manner prescribed by law, if the board had such power. If we direct defendant Hunt to account, that implies a further trial on an accounting; if we direct him to return the increased salary, the judgment must be indefinite and uncertain, for we cannot state the amount to be returned. Furthermore, he has never been heard on that question, and may possibly have some defense as to the amount or the right of the county to collect. On the face of things, he has in his hands money illegally received as salary. The remedy seems simple. The county or the board may demand the sum claimed to be in

excess of the legal salary, and if it is not paid, may proceed to collect it by ordinary legal procedure. We regard it unnecessary as well as improper to amend the order, and the motion is, therefore, denied. All concur. Motion to amend order entered November 29, 1922, denied.